UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

---

In re

AMANDA R. JAEGER-JACOBS,

                 Debtor.

_____

RYAN N. JACOBS,

                 Plaintiff,

v.

AMANDA R. JAEGER-JACOBS,

                 Defendant.

Case No. 12-20021

Chapter 7

Adversary No. 12-2227

---

DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

---

       On January 3, 2012, Amanda Jaeger-Jacobs commenced the instant bankruptcy case by filing a voluntary petition under chapter 7 of the Bankruptcy Code. On March 27, 2012, Ryan Jacobs filed a complaint against his former wife, asking the Court to determine nondischargeable, pursuant to 11 U.S.C. § 523(a)(5) and/or 11 U.S.C. § 523(a)(15), debts assigned to the debtor by the terms of the parties' Marital Settlement Agreement. The debtor answered the complaint, admitting the terms of the MSA but denying that the debts were nondischargeable under section 523(a)(5) and/or section 523(a)(15).

       On February 28, 2013, the plaintiff filed a motion for summary judgment, accompanied by a brief, affidavit, and copies of documents in support of his motion. On March 14, 2013, the debtor filed

a summary judgment brief,[1] accompanied by an attorney's declaration and exhibit. The Court has jurisdiction over this proceeding by virtue of 28 U.S.C. § 1334(b) and this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(J).

## BACKGROUND

The parties do not dispute the relevant facts. The debtor petitioned for dissolution of her marriage to the plaintiff on November 12, 2009, and the petition was granted by the state court on October 15, 2010. The parties entered into a first partial Marital Settlement Agreement ("MSA") on May 13, 2010, and a second partial MSA on October 15, 2010. Both MSA's were incorporated into the state court's findings of fact, conclusions of law, and judgment of divorce entered on November 4, 2010. Pursuant to the second MSA, the parties were each assigned specific debts and financial responsibilities. With respect to the marital debt, the parties equalized their obligations, with the debtor bearing responsibility for paying the Kohls charge card, Wells Fargo credit card, and CitiCard credit card. (October 15, 2010, Partial Marital Settlement Agreement, Debts and Financial Obligations § VII.A.3.). Wells Fargo is a debt for which both parties were clearly personally liable. There is no evidence as to the personal liability of the other two debts assigned the defendant, but they were acknowledged as debts incurred during the marriage and may be recoverable by Kohl's and CitiCard under Wis. Stat. § 766.55(2m). The terms of the MSA included the following:

---

[1]The debtor filed a document entitled "Defendant's Summary Judgment Brief," wherein she opposed the plaintiff's motion for summary judgment and requested the Court grant summary judgment in her favor, dismissing the plaintiff's claims relative to the Wells Fargo payments and Kohls and CitiCard debts, as well as characterizing the Wells Fargo debt as a non-domestic support obligation. The Court will treat her submission as a cross motion for summary judgment.

> With respect to each party's responsibility for the payment of certain debts and obligations, and the obligation to hold the other party harmless for the payment of those debts and obligations, the parties understand and agree that their obligations shall constitute a Domestic Support Obligation under 11 U.S.C. § 523(a)(5) of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, these obligations being part of the final financial support settlement of both parties. These financial obligations on the part of both parties are not part of the property settlement.

(October 15, 2010, Partial Marital Settlement Agreement, Debts and Financial Obligations § VII.C.).

After the debtor stopped making payments on the Wells Fargo credit card, and the default was reported negatively on the plaintiff's credit report, the plaintiff began making payments to the creditor, totaling $4,907.17, which included an accidental overpayment in the amount of $47.36. The plaintiff has not, as of yet, made any payments on the Kohls charge card or CitiCard credit card. None of the creditors have sued or threatened to sue the plaintiff to collect the obligations owed to them.

## ARGUMENTS

The plaintiff argues the debt owed to him as a result of his repayment of the Wells Fargo credit card is nondischargeable. The plaintiff further requests a finding that the other obligations allocated to the debtor in the MSA – to the extent that the plaintiff may be required to pay them in the future – are nondischargeable, as well. According to the plaintiff, the obligations satisfy the conditions for nondischargeability set forth in 11 U.S.C. § 523(a)(5); and if not, then the obligations are nondischargeable under 11 U.S.C. § 523(a)(15). The plaintiff also seeks an order allowing him to recover the costs of bringing and maintaining this action, including attorney's fees.

The debtor argues she is not liable to reimburse the plaintiff for the voluntary payments he made to Wells Fargo to protect his credit rating. The debtor did not agree under the MSA to indemnify the plaintiff for any voluntary payments he might make to protect his credit. Additionally, the plaintiff

3

breached his duty to mitigate his damages by voluntarily making the payments, instead of waiting until the creditor threatened to sue him or take other action to collect the debt. *See* Wis. Stat. § 802.02(2). The debtor asserts that the bankruptcy court lacks jurisdiction to consider the plaintiff's claim relative to the Kohls charge card and CitiCard credit card debts because no justiciable controversy exists as to either debt, and any decision by the bankruptcy court would be advisory in nature based on hypothetical facts. *See Commonwealth Plaza Condo Ass'n v. City of Chicago*, 693 F.3d 743, 748 (7th Cir. 2012). In the event the debtor is liable to the plaintiff, the obligations are not domestic support obligations under 11 U.S.C. § 523(a)(5). Finally, should the Court rule in the plaintiff's favor, the debtor claims he is not entitled to an award of attorney's fees because the MSA provides that each party is responsible for the payment of their own attorney's fees.

## DISCUSSION

Summary judgment is appropriate when the pleadings, discovery, disclosures, and affidavits establish that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (made applicable by Fed. R. Bankr. P. 7056); *Winsley v. Cook Cnty.*, 563 F. 3d 598, 602–03 (7th Cir. 2009). A genuine issue of material fact exists when, based upon the evidence, a reasonable trier of fact could find in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Sections 523(a)(5) and (a)(15) of the Bankruptcy Code provide in relevant part:

(a) A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt –
. . .
    (5) for a domestic support obligation;
. . .

> (15) to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit[.]

11 U.S.C. § 523(a)(5) & (a)(15). As this Court has previously noted, "[t]here is a fine distinction in the provisions for exception to discharge under sections 523(a)(5) and (a)(15)." *In re Georgi*, 459 B.R. 716, 719 (Bankr. E.D. Wis. 2011). Section 523(a)(5) excepts a debt from discharge if it is a domestic support obligation. A domestic support obligation includes a debt that is owed to or recoverable by a spouse. 11 U.S.C. § 101(14A)(A). Section 523(a)(15), on the other hand, excepts a debt to a spouse. Thus, "a debt *to* a spouse and one *recoverable by* a spouse in the context of divorce related obligations is a distinction without a difference, and they mean the same thing." *Georgi*, 459 B.R. at 719.

By contrast, section 523(a)(15) governs the dischargeability of property settlement debts as opposed to support obligations. This exception was intended to negate the distinction between support and property division provisions (except in Chapter 13 cases) by making both support and nonsupport debts nondischargeable. *Georgi*, 459 B.R. at 720. All debts owed to a spouse, former spouse, or child of a debtor are nondischargeable if incurred in the course of a marital dissolution proceeding. *In re Hying*, 477 B.R. 731, 735 (Bankr. E.D. Wis. 2012).

The material facts do not clearly establish that the debts are or are not "domestic support obligations" within the meaning of sections 523(a)(5) and 101(14A). The MSA says they are, but there are not enough facts to determine whether they function as such, and other provisions, such as the denial of maintenance, imply they are not. However, if the debts are not "domestic support obligations

5

," they are still excepted from the debtor's discharge under section 523(a)(15). Therefore, it is not necessary for this Court in the context of this chapter 7 case to determine whether they are nondischargeable under sections 523(a)(5) or 523(a)(15). *See In re Tarone*, 434 B.R. 41, 49 (Bankr. E.D.N.Y. 2010) ("[I]t is irrelevant whether those awards constitute true support obligations, because even if not encompassed within § 523(a)(5), they are nondischargeable pursuant to § 523(a)(15)"); *In re Golia*, 393 B.R. 56, 62 (Bankr. E.D.N.Y. 2008) ("[T]his Court need not make a determination on whether the amounts awarded under the Judgments at issue constitute domestic support obligations under 11 U.S.C. § 523(a)(5) if the Plaintiff can demonstrate that the Judgments would be nondischargeable in any event under 11 U.S.C. § 523(a)(15) because each Judgment constitutes a debt (1) owed to or recoverable by 'a spouse, former spouse, or child of the debtor and (2) 'is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record.'").

Were the applicability of sections 523(a)(5) and/or (a)(15) the sole issue, the inquiry would end here. However, the fundamental dispute is whether the debtor's obligation to the plaintiff was extinguished when the plaintiff paid the obligation prior to actually being sued or threatened with suit by the creditor. She claims she has no debt to him under these circumstances.

A provision in a divorce decree to hold harmless or indemnify a spouse for joint obligations incurred during a marriage creates a "new" debt, running solely between the former spouses. *In re Schweitzer*, 370 B.R. 145, 150 (Bankr. S.D. Ohio 2007). While this "new" debt is "incurred" through the divorce decree; the parties' personal liability with respect to their joint third party creditors remains unless discharged. *In re Williams*, 398 B.R. 464, 469 (Bankr. N.D. Ohio 2008). As explained in the

6

case of *In re Clark*:

> the exception to discharge for "hold harmless" agreements may not provide protection from creditors for the non-debtor spouse. The debts owed to the joint creditors are discharged as to the debtor only. The obligation that is not dischargeable in these situations is a debtor's responsibility to hold his non-debtor, ex-spouse harmless. The non-debtor ex-spouse may look to the debtor for reimbursement pursuant to any nondischargeable "hold harmless" obligations, but the non-debtor ex-spouse is not immune from pursuit by the primary joint creditors.

207 B.R. 651, 657 (Bankr. E.D. Mo. 1997).

The debtor incurred that "new debt" when the judgment incorporating the MSAs was granted. The liability of the plaintiff on any joint debts or debts subject to recovery under marital property law continued to exist as to him, even though she was assigned payment of those debts in the decree. Since he was legally liable, his payments to Wells Fargo were not "voluntary." Voluntary payments are payments made by someone who is not legally liable to the payee. *See* 70 C.J.S. *Payment* § 107 (2013) ("A payor is a volunteer if, in making payment, he or she has no right or interest of his or her own to protect and acts without moral or legal obligation."). The payments made by the plaintiff were to pay his liability, and he had already experienced a negative impact on account of the existence of this unpaid liability. Perhaps there is no negative impact yet on account of his non-payment of Kohl's and CitiCard, but that does not make him any less liable to those creditors, nor does it mean he has to wait for legal action by the creditors for the defendant's obligation to him to arise.

For these reasons, it is the decision of this Court that the debtor's obligations to the plaintiff meet the necessary elements for exception to discharge of her obligation to her former husband under section 523(a)(15). The plaintiff may continue to enforce his legal rights against the debtor with respect to her obligations to him under the decree of dissolution, notwithstanding the entry of discharge in this

7

case.

The debtor argues that the plaintiff failed to mitigate his damages by paying the obligation prior to actually suffering the threat of suit or actually being sued. This argument is without merit. In fact, the plaintiff did mitigate damages – to himself and the debtor – by paying the obligation and stopping the accrual of additional interest and charges owed to the creditor, as well as the cost of any collection action that could have been brought by the creditor.

Although the debtor is correct in that this Court does not give advisory opinions, this issue is ripe for decision with respect to the Kohl's and CitiCard obligations. The obligation incurred by the debtor under the judgment of dissolution of their marriage is in existence now and does not arise in the future. Thus, whatever present obligation she has is excepted from discharge. The judgment can be enforced at any time by the state court. The appropriate remedy is also for the state court.

The plaintiff has requested an order allowing him to recover the cost of bringing and maintaining this action, including reasonable attorney's fees and costs. This Court finds that an award of costs is appropriate and the plaintiff may submit a bill of costs to the Clerk of Bankruptcy Court on notice to the other party. *See* Fed. R. Bankr. P. 7054(b).

However, without specifying a judgment, statute, rule or other grounds, the plaintiff is not entitled to an award of attorney's fee in this bankruptcy proceeding. *See* Fed. R. Civ. P. 54(d)(2). Under the MSA, each party was responsible for his or her individual attorney's fees, with no contribution required of either party. (October 15, 2010, Partial Marital Settlement Agreement, Attorneys Fees § IX.). Nevertheless, just prior to filing her petition, the debtor was ordered to appear and show cause why she should not be found in contempt of court due to her failure to pay her

8

obligations to the plaintiff pursuant to the MSA. (December 13, 2011, Dodge County Court Order to Show Case and Affidavit for Finding of Contempt, Case No. 09 FA 491). Whether the plaintiff is entitled to attorney's fees in a future state court action is for the state court to decide.

The plaintiff's motion for summary judgment is granted as to all issues, except on the issue of whether the debtor's obligation is a Domestic Support Obligation, which determination is unnecessary to affect the outcome, and the defendant's motion for summary judgment is denied. A separate order will be entered.

April 10, 2013

Margaret Dee McGarity
United States Bankruptcy Judge